IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRENTON BELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) NO: 3:18-cv-01317 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| STATE OF TENNESSEE, | ) MAGISTRATE JUDGE |
| | ) NEWBERN |
|     Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Trenton Bell, a pre-trial detainee currently in the custody of the Wilson County Jail in Lebanon, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the State of Tennessee. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under Section 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III.    Alleged Facts

The complaint alleges that Plaintiff's "right to innocent until proven guilty was violated" because he was falsely charged and arrested with a state crime. (Doc. No. 1 at 5). The complaint further alleges that Plaintiff's public defender provided ineffective assistance of counsel.  Plaintiff asks the Court to order the State of Tennessee to pay him seven million dollars. (*Id*. at 6).

## IV. Analysis

Plaintiff names only one Defendant to this action: the State of Tennessee. However, a state is not a "person" within the meaning of Section 1983. *Will v. Mich.*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Furthermore, the Eleventh Amendment to the United States Constitution prohibits suits against a state in federal court for damages. *Ky. v. Graham*, 473 U.S. 159, 169-70 (1985). Therefore, Plaintiff's claims against the State of Tennessee, including his request for seven million dollars in damages, do not fall within the purview of Section 1983 and are barred by the Eleventh Amendment.

In any event, a plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, *see Miller v. Calhoun Cnty.*, 408 F.3d 803, 827 n.3 (6th Cir. 2005); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982), and Plaintiff has not alleged any specific personal involvement by the State of Tennessee in the events described in the complaint. Plaintiff's claims against the State of Tennessee fail to state claims under Section 1983 upon which relief can be granted.

Finally, the Court notes that Plaintiff has filed at least four federal lawsuits in rapid succession, including the instant case. *See Bell v. Wilson County Jail*, No. 3:18-cv-00873 (M.D. Tenn. filed 9/17/18) (pending); *Bell v. Metacraft*, No. 3:18-cv-00991 (M.D. Tenn. filed 10/2/18) (dismissed for failure to state a claim upon which relief can be granted); *Bell v. United States of America*, No. 3:18-cv-01276 (M.D. Tenn. filed 11/9/18) (dismissed for failure to state a claim upon which relief can be granted). Plaintiff is advised that the Prison Litigation Reform Act, enacted to implement "constraints designed to prevent sportive filings in federal court," *Skinner v.*

*Switzer*, 562 U.S. 521, 535 (2011), provides the following under Section 1915(g) with respect to prisoner-plaintiffs:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, a prisoner-plaintiff who falls within the scope of Section 1915(g) because of three or more previous "strikes" must pay the entire filing fee at the outset of the case, unless he or she is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).

**V.      Conclusion**

For the reasons explained above, the Court finds that the complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against Defendant State of Tennessee. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE